MILTON GILL v. THE STATE.

No. 7134.   Decided November 8, 1922.

Rehearing Denied February 21, 1923.

**1.—Burglary—Evidence—Hearsay.**

Where the objection to the evidence was that the passing of a certain black nickel between the parties was that the transaction was not in the presence or hearing of defendant, and therefore hearsay, the same was correctly overruled.

**2.—Same—Evidence—Declarations of Accomplice.**

That on another occasion the accomplice witness for the State had implicated another party in a crime charged against him the witness, and had later admitted that the other party was not so connected therewith was not an admissible fact upon the instant trial.

**3.—Same—Leading Questions.**

It was not error under the facts of the instant case for the State's attorney to repeat what he understood to have been the testimony of the witness, and ask the latter if that was correct.

**4.—Same—Evidence—Bill of Exceptions.**

The rules require that sufficient facts be stated in the bill of exceptions to let this court know the soundness of the objection, and in the absence of this there was no reversible error.

**5.—Same—Witness Under Rule—Discretion of Court.**

Probable injury must be shown where witnesses are under the rule, and a claim is made that a witness had not observed the rule, before this court will review the discretion of the lower court in such matters.

**6.—Same—Accomplice—Corroboration—Charge of Court.**

Where the charge of the trial court was excepted to, first because it failed to tell the jury that accomplice testimony could not be corroborated by other testimony of said accomplice; second because the charge failed to instruct on circumstantial evidence, and third because the charge did not tell the jury that there must be other evidence independent of the accomplice testimony connecting defendant with the breaking and entrance of the house, held, that the charge of the court was not subject to such objection under the facts of the instant case.

**7.—Same—Accomplice's Testimony—Corroboration—Charge of Court.**

Where the criticism under discussion was directed to the charge of the court because it did not tell the jury that the evidence independent of that of the accomplice must connect the accused with the breaking and entrance of the house, held, that this is not the law, as it is only necessary that the evidence, aside from that of the accomplice, tend to connect the accused with the commission of the offense charged.

**8.—Same—Other Transactions—Practice in Trial Court.**

Where the accomplice testified to an entry of the bakery on a night preceding the night of the alleged burglary, without objection, and the court properly instructed the jury not to consider same, there was no error in refusing the requested charges thereon.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, there was sufficient evidence to sustain the conviction, there was no reversible error on that ground.

**10.—Same—Continuance—Depositions—Nonresident Witness.**

Where it appeared from the record on appeal that after a copy of the interrogatories for a nonresident witness had been served upon the attorney for the State, it was discovered that the indictment then pending was fatally defective and that a new indictment was returned only three days prior to the time of the trial, and that new interrogatories could not have secured the depositions of said witness, that an agreement was made between the State and defendant's counsel that depositions taken to the former interrogatories might be used, the same showed sufficient diligence and a continuance should have been granted.

**11.—Same—Rehearing—Motion by the State.**

After carefully re-examining the State's motion for a rehearing, the same must be overruled.

Appeal from the District Court of Franklin. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. B. Caudle* and *J. A. Ward,* for appellant.—On question of accomplice testimony: Conway v. State, 26 S. W. Rep., 401; Nunnally v. State, 234 id., 391; Williams v. State, 199 id., 296; Boone v. State, 235 id., 587; Dinken v. State, 42 Texas, 250; Davis v. State, 141 S. W. Rep., 264.

*R. G. Storey,* Assistant Attorney General, and *T. C. Hutchings,* District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Franklin County of burglary, and his punishment fixed at two years in the penitentiary.

As we regard the record appellant's principal contention is that his application for a continuance was improperly refused. He was indicted, arrested and made bond on February 16, 1922. His application was

presented to the court on March 9th and set forth the fact that he desired the testimony of his sister who resided at a given street and number in Los Angeles, California, to aid him in the establishment of an alibi, it being alleged that his sister was visiting appellant's home in Texas on the occasion of the alleged burglary, and that on the night alleged she knew and would testify that appellant came to his home between eleven and twelve o'clock and was not away from it until after the sister had gone to bed after one o'clock. The materiality of this testimony was set out as dependent upon the proposition that the State's proof would attempt to show that the alleged burglary was committed between eleven and one o'clock, and that appellant would prove by other witnesses where he was prior to the time he came home. In our opinion the application for continuance fails to show diligence. We have stated that appellant made bond on February 16th. It is admitted that no affidavit or interrogatories were filed until February 21st, and it appears that the only effort then made to secure service of a copy of said interrogatories upon the State's attorney, or to ascertain his attitude in regard thereto, was a direction to the district clerk to have said attorney served with such copy. It appears from the record that the State's attorney did not care to cross said interrogatories and that he was willing to waive service of a copy. No further effort in the matter on the part of appellant appears until the latter part of the week on which the interrogatories were filed with the clerk. The commission was not procured and forwarded to Los Angeles, California, to take said deposition until February 27th. It was in evidence that a letter would go from Mt. Vernon, Texas, to Los Angeles, California, in three days and vice versa. The deposition had not been returned or heard from at the date of trial, which begun on March 9th and concluded on March 10th, nor had same apparently been heard from at the end of the term of court. Our statute and decisions place upon one applying for a continuance the burden of showing by exact, definite and certain averments the exercise of diligence, and one who does not apply for process promptly or who fails to set forth in his application for continuance distinct averments of diligent efforts to secure the presence of the witness or his deposition, does not bring himself within the rule. The term of the trial court ended by law on March 11th, or about three weeks from the date of the arrest of the accused. For him to wait nearly half that time before sending a commission off to take the deposition would not be diligence. In this matter we do not think appellant has shown himself to be without fault.

The burglary was alleged to be that of a building occupied by and belonging to Mr. Prather. Same was used for a bakery and other purposes. The owner of said house testified that it was burglarized on hallowe'en night, same being October 31, 1921, and that entrance was effected by forcing the lock of a door; that the money drawer was extracted from his safe in which there was silver, paper money

and checks. Among other moneys in said drawer was a black nickel of date 1903, and a dented and chewed nickel and a half dollar with the initials "A. L." cut on it. One Smith Walker was a witness for the State and testified that he and appellant had agreed to enter the building of Mr. Prather and obtain his money, and that on the night in question, after discussing the best way to enter the store, and after being asked by appellant whether he had better cut the screen or break the lock, and after having told appellant that the lock was small, that appellant left him to keep watch and took a pair of pliers and went down in the direction of the bakery; that witness had agreed to whistle if he saw anyone coming, and that presently appellant returned and told him that the box of money was sitting near an iron post in front of the bakery, and that witness, at the place indicated by appellant, found the money in the box and took it in appellant's car and they went out to a certain place and divided it, witness taking the paper money and nickels and appellant taking the half dollars. Appellant has a bill of exceptions complaining of the testimony of a witness who testified that on the afternoon of October 31st he paid to Mr. Prather a certain black nickel, and that on the morning after the alleged burglary Smith Walker paid said nickel to witness. The objection made was that the transaction was not in the presence or hearing of appellant and was hearsay as to him. The objection is not sound. Such evidence is in no sense hearsay. The fact that appellant was not present when the transaction took place is no ground for the rejection of such evidence. It was but the narration of the facts developing the offense charged and such objection is as if one objected to testimony of the finding of the body of one murdered, or a description of the wounds on the body, or the finding of stolen property and its return to the owner, upon the ground that such evidence was of transactions transpiring in the absence of the accused. The same character of objection appears in appellant's bills of exception Nos. 4, 6, and 7.

That on another occasion State witness, Smith Walker had implicated another party in a crime charged against him, and had later admitted that the other party was not so connected therewith, would not be a provable fact on this trial. Such testimony comes within no method of attacking a witness known to us. Said witness Walker was tainted by his admitted attitude as an accomplice, and unless other evidence in the record tended to connect appellant with the crime, he could not be convicted on Walker's testimony.

Bill of exceptions No. 5 complains of a leading question. As we gather it the question set out seems to evidence a desire on the part of the State's attorney to find out if he correctly understood what the witness had already testified. We do not think it error under the facts of this case to repeat what the attorney understood to have been the testimony of the witness and ask him if that was correct.

No sufficient facts are stated in bill of exceptions No. 8 to apprise us of the merit of the objection that the State was leading and prompting the witness. The question objected to was, "You don't say now that it was not eleven-thirty, do you?" The only information given us of the setting of this question as it was asked appears in the statement that appellant had laid a predicate to impeach the witness as to the time of night he claimed the burglary had taken place. This leaves us without power to weigh the objection. The rules require that sufficient facts be stated to let us know and make clear to us the soundness of an objection.

Bills of exception Nos. 9 and 10 complain that witnesses were allowed to testify who had been in the courtroom, the rule having been invoked. Neither bill shows that the witness had heard any of the testimony relative to matters sought to be elicited from him. Probable injury must be shown in matters of procedure such as this before this court would hold that the trial court had abused the large discretion confided to him in such matters.

The charge of the trial court was excepted to for three reasons, first, that it failed to tell the jury that the testimony of Smith Walker could not be corroborated by other testimony of Smith Walker; second, failure to charge on circumstantial evidence, and third, it did not tell the jury that there must be other evidence independent of that of Smith Walker connecting appellant with the breaking and entry of the house. The court told the jury in his charge that Walker was an accomplice, and that appellant could not be convicted on his testimony alone, and that he should be acquitted unless there was other evidence corroborative of the testimony of Smith Walker. This charge was not subject to the first criticism above mentioned. Walker testified that on the night in question he and appellant had made up to enter Mr. Prather's place and get his money. That after discussing the best way to get into the bakery and whether the screen should be cut or the lock broken, that witness told appellant the lock was a small one, and that appellant took a pair of pliers with which to break the lock and went down there. That presently appellant joined witness and told him the money was sitting near an iron post in front of the bakery and that witness went to the place where appellant stated the money would be found and there found it. If these facts be true they so closely relate to and evidence the breaking and entry on the part of appellant as to not call for a charge on circumstantial evidence. Crews v. State, 34 Texas Crim. Rep., 543; Cabrera v. State, 56 Texas Crim. Rep., 141; Bass v. State, 59 Texas Crim. Rep., 191. This also disposes of appellant's bill of exceptions No. 14 complaining of the court's refusal to give a special charge on circumstantial evidence. Where the direct evidence comes only from an accomplice we have always held the case not one depending on this character of testimony. Sec. 1040, Branch's Ann. P. C., cites many authorities

in support of this proposition. As to the third criticism mentioned, the offense was burglary which was correctly defined in the court's charge, in which also was an instruction to the jury that to be sufficient the corroborative evidence must tend to connect appellant with the offense. The criticism under discussion was directed at the charge because it did not tell the jury that the evidence independent of that of Walker must connect the accused with the breaking and entry of the house. This is not the law. It is only necessary that the evidence, aside from that of the accomplice, tend to connect the accused with the commission of the offense charged. This also disposed of appellant's special charge in which he sought to have the jury instructed that they could not convict unless the other evidence *connected* the appellant with the breaking and entry.

In the testimony of Smith Walker appeared a statement relative to an entry of the bakery on Sunday night preceding the Monday night of the alleged burglary. There does not appear to have been any objection made to this testimony but appellant presented a special charge asking that the jury be told not to consider it. This charge was refused by the trial court, but an inspection of the main charge shows that the court did instruct the jury that they could not convict the appellant for any burglary committed on Sunday night, and that they could only convict for the burglary alleged to have taken place on Monday night. In our opinion this sufficiently took care of the matter.

We have given careful consideration to each of the matters set up on behalf of appellant. The evidence shows that soon after the burglary appellant gave ten half dollars in exchange for a five dollar bill and that these half dollars were put into a money drawer, and that when this drawer was examined presently a half dollar with the initials A. L. cut on it was found therein. Numerous witnesses testified to seeing appellant with Smith Walker on the streets of Mt. Vernon of Hallowe'en night at different hours. Several disinterested witnesses testified that he was seen at about midnight in a car with Smith Walker. Said parties were seen in said car coming from the direction of the place where Walker said they divided the money. The box identified by Mr. Prather as being that in which he kept his money, was also found at the place where Walker said they put it. We think the evidence amply justified the conclusion of the jury that appellant and Walker broke and entered the burglarized premises. We further think that the trial court was justified in concluding, when the motion for new trial was presented to him, based in part upon the refusal of the application for continuance above discussed, that had appellant's sister given the deposition in question, and had same been before the jury; it would not likely have produced a different result upon the trial. Smith Walker testified that he was not certain about the hour of the burglary but that it occurred between eleven and one o'clock

on the night in question. Appellant introduced the testimony of his relatives and of his sweetheart and her relatives attempting to account for his whereabouts during said night up until one o'clock, but a large number of disinterested witnesses contradicted the testimony in support of said alibi, and the weight to be given the testimony is a question for the jury and unless their conlcusion is manifestly against the great weight of the testimony and we are convinced that an injustice has been done, it would be our duty to uphold the judgment.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### December 6, 1922.

LATTIMORE, Judge.—Appellant has filed an able and forceful motion for rehearing. Carefully reviewing the grounds presented therein and from an examination of same and upon more mature consideration of our opinion holding that the application for a continuance did not show sufficient diligence, we have become convinced that we were in error in such holding. It is not necessary to review the matter at length, but we will state that after a copy of the interrogatories for a non-resident witness had been served upon the attorney for the State, it was discovered that the indictment then pending was fatally defective. It appears from the record that a new indictment was returned into court only three days prior to the time of trial. It must be evident that had interrogatories been filed after a correct indictment was presented, the depositions of the witness living in California could not have been obtained. It is made to appear that there was an agreement between the State and counsel for appellant that the deposition taken in answer to interrogatories filed while the defective indictment was pending, might be used on behalf of appellant. Upon a careful review of the facts set up in the affidavit of appellant's attorney, which was not controverted, we have become convinced that under the facts of this case, diligence was used and that we were in error in holding that the first application for continuance should not have been granted. So believing, the judgment of affirmance is set aside, and the cause will be reversed and remanded.

*Reversed and remanded.*

### ON REHEARING.

### February 21, 1923.

HAWKINS, Judge.—We have carefully examined the State's motion seeking to have us set aside the order granting a rehearing and reversing the judgment, also appellant's replication thereto. We believe proper disposition was made of the appeal in our action on appellant's motion.

The motion of the State is therefore overruled.

*Overruled.*